**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4914**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

        v.

ANTHONY SINGLETON,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:02-cr-00170-RDB)

———————

Submitted: April 4, 2008          Decided:  April 16, 2008

———————

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant
Federal Public Defender, Baltimore, Maryland, for Appellant.
Rod J. Rosenstein, United States Attorney, Debra L. Dwyer,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Singleton was convicted by a jury of drug trafficking, possession of a firearm in relation to drug trafficking, and possession of a firearm while a felon, and sentenced to 248 months imprisonment. Singleton appealed, challenging the district court's denial of his suppression motion, its admission into evidence of several documents, and the sentence imposed. We rejected the first two claims, affirming Singleton's conviction, but vacated and remanded for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). See United States v. Singleton, 441 F.3d 290 (4th Cir. 2006) ("Singleton I").

On remand, the district court sentenced Singleton to 195 months imprisonment. He noted a timely appeal. In his brief, Singleton raises the same two challenges to his conviction that were raised and rejected in his first appeal; namely, that the district court erred in denying his motion to suppress and in admitting into evidence certain phone records.

In Singleton I, we rejected the claims Singleton now seeks to raise in this appeal. We find that Singleton's claims are barred by the law-of-the-case doctrine and that none of the exceptions apply. See United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (discussing doctrine and exceptions thereto); see also Invention Submission Corp. v. Dudas, 413 F.3d 411, 414-15 (4th

Cir. 2005) (discussing mandate rule). Accordingly, we affirm Singleton's conviction.

Singleton has also filed a motion to file a supplemental brief challenging the reasonableness of his sentence in light of Amendment 706 to the guidelines, which lowered the base offense level for drug offenses involving crack cocaine. See U.S. Sentencing Guidelines Manual (USSG) § 2D1.1 (2007); USSG App. C. Amend. 706. This amendment has been made retroactive, effective March 3, 2008. See USSG § 1B1.10(c) (Mar. 3, 2008). Although we grant Singleton's motion to file a supplemental brief, we deny the relief sought therein.

We have recently held that it is for the district court to first assess whether and to what extent a criminal defendant's sentence may be affected by Amendment 706, either sua sponte or by motion pursuant to 28 U.S.C. § 3582(c)(2). United States v. Brewer, ___ F.3d ___, 2008 WL 733395 (4th Cir. Mar. 20, 2008). Accordingly, we deny Singleton's request for resentencing without prejudice to his right to pursue relief in the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -